UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| SAHIL KUMAR,<br><br>Petitioner,<br><br>v.<br><br>BRISON SWEARINGEN,<br>SAMUEL OLSON,<br>DAVID J. VENTURELLA,<br>MARKWAYNE MULLIN,<br>TODD BLANCHE,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:26-cv-00700-JRS-MG |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Sahil Kumar filed a petition for a writ of habeas corpus seeking his release from the Clay County Jail in Brazil, Indiana, where he is detained on behalf of federal immigration authorities. For the reasons explained below, the Court **grants** the petition.

## I. Background

Mr. Kumar is a citizen of India. He entered the United States near San Luis, Arizona, on around May 9, 2022. Dkt. 1, ¶ 23. On May 11, 2022, the Department of Homeland Security ("DHS") initiated removal proceedings against Mr. Kumar and served him with a Notice to Appear that charges him as being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i). Dkt. 1-1 at 20. The box on the Notice to Appear labeled "arriving alien" was not checked. *Id.* The same day, DHS released Mr. Kumar on his

own recognizance with certain conditions. Dkt. 1, ¶¶ 26–27. Mr. Kumar thereafter applied for asylum, which is pending. He has no final order of removal. *Id.*, ¶¶ 29–30.

On October 19, 2026, Indiana State Police stopped Mr. Kumar in the commercial truck that he was driving for regulatory violations. *Id.*, ¶¶ 35, 37. The officers took Mr. Kumar into custody and, the next day, transferred him into the custody of Immigration and Customs Enforcement ("ICE") officials. *Id.*, ¶ 40. He was formally re-detained and taken to the Clay County Jail, where he remains. *Id.*, ¶¶ 43, 47. Mr. Kumar requested review of his custody determination before an immigration judge, but he has not yet received that hearing. *Id.*, ¶¶ 49–50; dkt. 1-1 at 10.

## II. Discussion

A federal court may issue a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). In *Cirrus Rojas v. Olson*, 183 F.4th 909, 915 (7th Cir. 2026), the Seventh Circuit held that "[a]liens present in the country without admission and not 'seeking admission' . . . are eligible for bond hearings subject to the INA's other requirements." The Seventh Circuit further held that the ordinary meaning of "seeking admission" cannot, as a factual matter, describe aliens who "entered the United States without admission or parole . . . making [them] 'inadmissible'" and, thus, "can only seek to remain in the United States through other forms of relief that are *not* admission." *Id.* at 920.

Mr. Kumar contends that his detention violates the Due Process Clause of the Fifth Amendment and the Immigration and Nationality Act ("INA"). Respondents

state in their answer that "*Cirrus Rojas* resolves the case and controversy of this Petition." Dkt. 8 at 1. They concede that, "[a]pplying *Cirrus Rojas*, Petitioner's detention is lawful under 8 U.S.C. § 1226, . . . and Petitioner is entitled to a custody redetermination hearing in immigration court." *Id.* at 1–2. The parties therefore agree that Mr. Kumar is eligible for a bond hearing under § 1226(a). Respondents, however, ask the Court to dismiss this action and direct Mr. Kumar to request a bond hearing through an immigration court rather than grant him relief. *Id.* at 2.

The "general rule" is that "parties exhaust prescribed administrative remedies before seeking relief from the federal courts." *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (quoting *McCarthy v. Madigan,* 503 U.S. 140, 144–45 (1992)). This general rule often applies in immigration matters because "a comprehensive administrative review scheme exists" and, in some cases, exhaustion is mandated by statute. *Iddir v. INS*, 301 F.3d 492, 498 (7th Cir. 2002) (citing 8 U.S.C. § 1252(d) and collecting cases).

No statute mandates exhaustion for aliens challenging preliminary custody or bond determinations. *Gonzalez*, 355 F.3d at 1016. Rather, "sound judicial discretion governs." *Id.* (quoting *McCarthy,* 503 U.S. at 144). In exercising its discretion not to enforce the "general rule" of exhaustion, the Seventh Circuit has prescribed consideration of the following individual interests, which are well-recognized in Supreme Court precedent:

> (1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative

> process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised.

*Id.* (quoting *Iddir*, 301 F.3d at 498); *accord McCarthy*, 503 U.S. at 146–49 ("This Court's precedents have recognized at least three broad sets of circumstances in which the interests of the individual weigh heavily against requiring administrative exhaustion."). A party seeking to be excused from exhaustion "need only show that one of the four exceptions outlined above applies." *Iddir*, 301 F.3d at 498.

The Seventh Circuit's directive in *Cirrus Rojas* is clear: Mr. Kumar is entitled to a bond hearing, and Respondents agree. Mr. Kumar requested a bond hearing on October 20, 2026, dkt. 1-1 at 10, but he still has not been provided one. Respondents do not explain why they have not provided Mr. Kumar a bond hearing despite acknowledging that he is entitled to one and requested one weeks ago. They state only that he "must await a hearing to be scheduled" and that his petition requesting a hearing "is premature." Dkt. 8 at 3. Yet Mr. Kumar's immigration paperwork states, "[Petitioner] will be Held in ICE Custody without bond due to current ICE Policy." Dkt. 8-1 at 6. Because it appears that the agency may have predetermined this issue and are refusing Mr. Kumar a bond hearing, the Court will not require him to exhaust his administrative remedies and will **grant** his petition in part.

Mr. Kumar alternatively requests his immediate release from custody, which is the customary remedy in habeas proceedings. *See Dep't of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). But as

noted, Mr. Kumar is subject to § 1226(a), which gives the government discretion to "continue to detain" him. 8 U.S.C. § 1226(a)(1). Mr. Kumar's custody is therefore not unlawful because he is detained but because he has not received the bond hearing required under § 1226(a)(1). The Court therefore finds that immediate release would not be in the interests of justice.

Because the Court has found that Mr. Kumar's detention violates the INA, it need not reach his claim that his detention violates the Fifth Amendment. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) ("[C]onsistent with the principle of avoiding unnecessary constitutional decisionmaking, judges are to address the statutory defense before the constitutional."). For the same reason, the Court will not address Mr. Kumar's assertion that his arrest violated his rights under the Fourth Amendment. *Id.*

## III. Conclusion

The Court **grants** the petition to the extent that **no later ten days from the date of this order**,[1] Respondents must either: (1) provide Mr. Kumar with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations or (2) release Mr. Kumar from custody under reasonable conditions of supervision. Respondents must file documentation certifying that they have either provided Mr. Kumar with a bond hearing or released him from detention **within two days** after the hearing or his release, whichever is applicable.

[1] The parties may extend this deadline by agreement without need for further action by the Court.

If Federal Respondents hold a bond hearing, the Attorney General is **ordered** to provide notice of the bond hearing to Mr. Kumar's counsel upon the scheduling of the hearing.

The petition is **denied** to the extent that it seeks immediate release.

The **clerk is directed** to enter final judgment.

**IT IS SO ORDERED.**

Date: 11/10/2026

JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel